**Richard E. BADEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C 63–117.**

United States District Court
N. D. Ohio, W. D.
Sept. 2, 1964.

Loren G. Ishler, Toledo, Ohio, for plaintiff.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Lawrence E. Doxsee, Attys., Dept. of Justice, Washington, D. C., for defendant.

KLOEB, District Judge.

Plaintiff in his complaint alleges that, during the years 1958 and 1959, he was employed by the Radio Corporation of America and, in connection with this employment, was required to reside in the Bahama Islands, British West Indies; that, during the year 1958, his employer deducted from his wages and paid to the United States Internal Revenue Service the sum of $1,044.14 for income tax, and during the year 1959 deducted the sum of $1,163.65 for income tax.

Plaintiff says that he was a bona fide resident of the Bahama Islands, British West Indies, during the calendar years 1958 and 1959, and that all the income earned in these years was derived from employment in the British West Indies; that he made a timely claim for refund, which was denied; wherefore he prays judgment against the defendant in the amount of $2,207.79 with interest from the 19th day of April, 1961.

The answer of the defendant denies generally the allegations in the complaint and demands judgment dismissing the complaint in each of the causes of action set forth therein, together with costs.

The case was tried to the Court on May 25 and 26, 1964, and thereafter was submitted on the record and the briefs.

The questions presented are two in number as follows:

1. Whether plaintiff, an electronics technician at the United States missile tracking sites on Cays off the Florida Coast, was a bona fide resident of a foreign country within the meaning of Section 911(a) (1) of the Internal Revenue Code of 1954, and

2. Whether the RCA subcontract should be admitted into evidence.

We dispose of question two by ordering the RCA subcontract admitted into evidence.

Section 911(a) (1) reads as follows:

"§ 911. Earned income from sources without the United States

"(a) General rule.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

"(1) Bona fide resident of foreign country.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such

amounts constitute earned income (as defined in subsection (b)) attributable to such period; but such individual shall not be allowed as a deduction from his gross income any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph."

It appears from the record that from September, 1956, until October, 1960, plaintiff worked as an electronics technician for RCA on the Atlantic Missile Test Range; that this test range covers an area from Patrick Air Force Base, Florida, to Ascension Island in the South Atlantic Ocean. The portion of the range extending through the Bahama Islands was established pursuant to a treaty between the United States and the United Kingdom, dated July 1, 1950, which in this case is Exhibit 6. Under the terms of the treaty, the United States is granted the right to launch flight and land missiles, to establish and maintain an instrumentation and communication system, and to operate ships and aircraft for the purpose of testing missiles. The United Kingdom agreed to provide sites and the United States agreed to pay adequate compensation for these sites. Persons not officially associated with the test range are prohibited from entering the sites except with the joint consent of the British and United States military representatives. Exclusive jurisdiction is granted the United States over security offenses, and test range workers are exempted from arrest, from service of civil and criminal processes within a site except with the permission of the United States military commander in charge of the site.

The treaty authorizes United States citizens to enter the Bahama Islands for the purpose of working on the test range. Citizens of the United States working on the test range are exempted from head taxes, property taxes, certain income taxes, and import duties. The government of the Bahama Islands imposes a head tax and import duties but not property or income taxes.

Plaintiff was hired by RCA for the purpose of working as an electronics technician on the test range. RCA was a subcontractor to Pan American World Airways, Inc., which was a contractor with the United States Air Force. The prime contract required Pan American to manage, operate and maintain the test range.

During the years 1958 and 1959, plaintiff worked for thirteen months on what is known as Walker Cay and eight months on Allen Cay. Walker Cay is 130 miles east of West Palm Beach, Florida, and Allen Cay is 160 miles east. These Cays are composed of coral rock, are covered with scrub growth, a few trees, and have on them a few buildings and huts for a very limited number of natives.

Plaintiff was given free board and room while in the Bahama Islands, free emergency medical and hospital services, free air transportation between Florida and his station, free mail service between those points, and commissary privileges.

The question is whether or not plaintiff was a bona fide resident of the British West Indies during the years 1958 and 1959 within the meaning of the above quoted section.

After a study of the cases of Commissioner of Internal Revenue, Petitioner, v. Lyon Tyler Matthew, et al., Respondents, 1964 (5th Cir.), 335 F.2d 231; Downs v. Commissioner of Internal Revenue, 166 F.2d 504 (9th Cir.), cert. den. 334 U.S. 832, 68 S.Ct. 1346, 92 L. Ed. 1759; and the case of Fuller v. Hofferbert, 204 F.2d 592 (6th Cir.), decided May 29, 1953, we conclude that he was not such a bona fide resident.

We agree with the conclusion in the Matthew case, which appears to be on all fours with the case at bar, that the treaty between the two governments kept the presence of plaintiff as a civilian employee from ever ripening into residence. The only difference that we ascertain in the facts between the present case and the Matthew case is that plaintiff during

the period of time in question was an unmarried man in his mid 30's.

The reasoning in the Fuller case seems to have application in the case at bar.

Defendant may prepare and lodge with the Court, within twenty (20) days, findings of fact and conclusions of law drawn in accordance with this memorandum. Plaintiff may, within ten (10) days thereafter, file any exceptions or suggested additions thereto that he may deem in order.

An order may be drawn accordingly.